DENNIS, Justice,
dissenting from denial of rehearing.
I respectfully dissent from the denial of defendant’s application for rehearing.
*1081 The record fully supports the trial judge’s finding that “custodial interrogation” occurred calling into play the Miranda protections because 1) the defendant was in custody, detained or deprived of his freedom of action in a significant way, and 2) interrogation took place. State v. Menne, 380 So.2d 14 (La.1980); State v. Ned, 326 So.2d 477 (La.1976).
The record contains evidence fully supporting a determination that the police officer had probable cause to arrest Thompson when the victim identified him and the officer noticed blood on his shirt. Considering the victim’s initial account of his beating to officers followed by his spontaneous identification of his assailant, the focus of the police investigation could have been on no one else but Thompson and his companions. The arresting officer testified that although he did not tell the defendants that they were under arrest, they were not free to leave and if they would have tried to do so he would have placed them under arrest. An objective look at the circumstances under which Thompson was questioned leads to the inescapable conclusion that, from the standpoint of a reasonable interrogee, he was deprived of his freedom of action in a significant way. Thompson exited the elevator to be confronted by the still-bloodied victim in the company of three uniformed police officers, one of whom "immediately approached him and began questioning him about the presence of blood on his shirt. Such a confrontation would certainly give a reasonable interrogee the impression that he was compelled to remain and submit to the police inquiries.
For the foregoing reasons, I conclude that a proper application of the Miranda analysis would uphold the trial court ruling granting the motion to suppress the incul-patory statement. A rehearing should be granted to correct our error.